IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-50590
Summary Calendar
_____


OSCAR G. FAVELA,

Plaintiff-Appellant,

versus

SOUTHERN PACIFIC TRANSPORTATION
COMPANY,

Defendant-Appellee.
_____

Appeal from the United States District Court
for the Western District of Texas, El Paso
(EP-97-CV-161-H)
_____

March 15, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Oscar G. Favela appeals a take-nothing judgment--based on a jury verdict--in favor of the Southern Pacific Transportation Company on his claim for unlawful retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. His only argument on appeal is that the district court erred in excluding from evidence his coworkers' statements regarding James Smothers's

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

purported prejudice against Hispanics. We find no error and we affirm.

Favela argues that the district court erred in excluding as hearsay his testimony that several coworkers told him to watch out for Smothers, that Smothers was a very prejudiced individual, that Smothers was very prejudiced against Hispanics and other minorities, and that Smothers was out to get him. Favela contends that these statements are not hearsay because they were not offered to establish the truth of the matter asserted, but to show his state of mind when he filed his July 27, 1995 charge of national origin discrimination with the Equal Employment Opportunity Commission ("EEOC"). Favela therefore argues that the statements were relevant and material, as they were necessary to establish an essential element of his retaliation claim--that he had filed a good faith charge of natural origin discrimination with the EEOC in 1995.

We review a district court's exclusion of evidence under the deferential abuse of discretion standard. Kelly v. Boeing Petroleum Services, Inc., 61 F.3d 350, 356 (5th Cir. 1995)(citations omitted). Even an erroneous evidentiary ruling by the district court is insufficient to constitute reversible error, unless we find that the ruling has affected the complaining party's substantial rights. Id. at 361. If, after a review of the record, we are sure that the error did not influence the jury or had but a very slight effect on its verdict, then it cannot be said that a

party's substantial rights have been affected. <u>Id.</u> (citing <u>EEOC. v. Manville Sales Co.</u>, 27 F.3d 1089, 1094 (5th Cir.), <u>cert. denied</u>, 513 U.S. 1190 (1995)).

As a threshold matter, we note that although it is true, as Favela argues, that an employee must demonstrate that he had "at least a 'reasonable belief' that the [employment] practices he opposed were unlawful," this showing only assists the plaintiff in establishing the first element in a prima facie case of retaliation--that he engaged in protected activity. <u>Sherrod v. American Airlines, Inc.</u>, 132 F.3d 1112, 1122 (5th Cir. 1998); <u>Long v. Eastfield College</u>, 88 F.3d 300, 304 (5th Cir. 1996)(citations omitted). To be sure, the ultimate issue for the jury in a case of unlawful retaliation is simply whether the employee's statutorily protected activity was the "but for" cause of the adverse employment action. <u>Long</u>, 88 F.3d at 304-05 n.4 (citing <u>McDaniel v. Temple Indep. Sch. Dist.</u>, 770 F.2d 1340, 1346 (5th Cir. 1985)). It is this latter point upon which we focus in order to resolve the evidentiary issue put before us today.

After a careful review of the record, and a close study of the parties's briefs, we are left with the definite and firm conclusion that even if we assume that the district court erred in excluding Favela's proffered evidence, this error had no effect on Favela's substantial rights, so as to warrant reversal of the jury verdict in the favor of Southern Pacific. Although we have previously held that the exclusion of evidence probative of discrimination can

3

taint a jury's verdict, the record in the instant matter demonstrates that this is not such a case.

On the issue of "but for" causation, Favela's theory of the case at trial was that Smothers orchestrated his termination in retaliation for the 1995 EEOC claim that he filed against Smothers and Southern Pacific, and that Smother's retaliatory intent should be imputed to Michael L. Riley, the Southern Pacific plant manager who made the decision to terminate Favela for insubordination. See Sherrod, 132 F.3d at 1122; Long, 88 F.3d at 307. The gist of Favela's case was that Riley conducted no independent investigation of insubordination charges against him, but merely "rubber stamped" Smothers's retaliatory decision to discharge him. See Id. To support his position, Favela presented evidence that Smothers was the true draftsman of the July 18, 1996 action letter that charged him with insubordination, notwithstanding that the document was signed by Keith Lancaster, Favela's supervisor. Favela further testified that Smothers told him that he knew about the 1995 EEOC charge, that he (Smothers) had fired Favela previously, and that he would fire him again. Finally, based on the fact that the phrase "one shred of probative evidence" appeared in both his termination letter and in an employee disciplinary letter, which was previously drafted by Smothers, Favela attempted to establish that Smothers had also written his discharge letter, which was signed by Riley. Proceeding solely on this "imputation" theory at trial, Favela

4

offered no proof that Riley, the decision-maker, intended to retaliate against him because of his 1995 EEOC charge.

Southern Pacific, however, offered a legitimate, non-retaliatory reason for Favela's termination--insubordination. On July 18, 1996, Southern Pacific charged Favela with insubordination because he failed to take a "return to work" physical examination as Lancaster instructed on July 10, 1996, which also included drug and alcohol testing. There is no dispute that the physical was required of all Southern Pacific employees who, similar to Favela, had been absent from work for thirty days or more. Riley testified that after a formal investigative hearing was held on the insubordination charges on August 18, 1996, Smothers asked him to issue a ruling in the case. Riley testified that in accordance with Southern Pacific policy, he reviewed the transcript of the hearing, and ultimately decided that Favela should be terminated-- there was essentially no dispute that Favela failed to submit to a uniform drug and alcohol test when instructed to do so. Riley further testified that Smothers never told him that he wanted Favela discharged, that Smothers never pressured him to terminate Favela, and that, in any event, Smothers was not in a position to exert such influence over him. Riley also testified that he, not Smothers, had drafted Favela's termination letter. Regarding the similarities in Favela's discharge letter and the disciplinary letter previously written by Smothers, Riley explained that Southern Pacific dismissal letters were standard form letters, and

that he had been using the phrase "one shred of probative evidence" as early as 1993, and even in 1994. Finally, on the issue of Favela's 1995 EEOC charge, Riley testified that he was aware of Favela's statement in the transcript that he had filed the claim. Riley explained, however, that when he made the decision to terminate Favela, he knew nothing about the EEOC complaint, including whether it had been actually filed as Favela alleged.

The record clearly demonstrates that there were, as to be expected, two sides to this retaliation case. The jury heard the competing versions, and in concluding that Favela had not been terminated in retaliation for filing the 1995 EEOC charge, the jury chose to believe Southern Pacific's view of the evidence. This credibility determination was within the province of the jury to make, and it is one which we are compelled to accept. See Polanco v. City of Austin, Texas, 78 F.3d 968, 980 (5th Cir. 1996). In the light of this record, which contains no evidence from which reasonable and fair-minded persons could conclude that Smothers's retaliatory intent should be imputed to Riley, so as to establish the necessary causal link between Favela's EEOC complaint and his subsequent termination, the district court's exclusion of the coworkers' statements regarding Smothers's purported anti-Hispanic bias--which was not offered for the truth of the assertions--could have hardly affected the jury's verdict. Even if the coworkers' statements would have convinced the jury of Favela's state of mind when he filed the EEOC charges, this evidence nonetheless would not

have been probative of retaliation in Riley's decision to terminate Favela.  See Nichols v. Loral Vought Systems, Co., 81 F.3d 38, 41-42 (5th Cir. 1996).  As the record makes clear, the coworkers' comments were solely about Smothers, whose discriminatory animus could not reasonably be imputed to the relevant decision-maker, Riley.  This is especially true, where at trial, Favela failed to rebut Riley's assertions that Smothers never urged him to discharge Favela, and that when he terminated Favela he was unaware that Favela had actually filed an EEOC against Southern Pacific.

In sum, the jury verdict was not tainted, nor were Favela's substantive rights affected by the exclusion of evidence that did nothing to inform the ultimate issue before the trier of fact-- whether Favela's 1995 EEOC charge was the "but for" cause of his termination.  We therefore conclude that the district court did not err in excluding Favela's proffered evidence.  The judgment of the district court is hereby

A F F I R M E D.